## Commonwealth v. Czerw

*John DiDonato, Assistant District Attorney*, for Commonwealth.

*Herman Bloom*, for defendant.

RIBNER, *J.*, April 14, 1983—On November 24, 1980, the instant case was called for trial before the Honorable Juanita Kidd Stout. During jury selection on the first day, a conference between the assistant district attorney, defense counsel and Judge Stout took place in chambers. The Commonwealth wished to proceed on Bill 283 which charged murder and voluntary manslaughter. Other bills, nos. 2193 and 2194, charging aggravated assault filed before the death of the victim, were not being acted upon by the prosecution. The district attorney and defense counsel argued over what was going to happen to these charges. Defense counsel then asked, "How is Your Honor going to handle them?" Judge Stout said, "We are dismissing them; we are discharging them; we can use all those verbs that mean get rid of them." Jury selection was completed on November 25, 1980, and the matter was put over until December 1, 1980, because of the Thanksgiving holiday. The case was tried and sent to the jury. After deliberating 24 hours and 15 minutes, the jury could not reach a unanimous verdict and Judge Stout declared a mistrial on December 9, 1980.

On January 7, 1981, defendant filed a motion before this court to dismiss the charges of murder and involuntary manslaughter, on the theory that a retrial would place defendant in double jeopardy. His reasoning is that the "dismissal" of the aggravated assault charge was "a final determination and adjudication by the court of those elements." Defendant thus contends that inasmuch as the Commonwealth "could not meet its burden to prove the elements of a lesser included offense, it is impossible to prove the greater offenses that were charged." (Defendant's brief, p. 3.)

However, defendant's argument fails because

there was, in fact, no judicial decision on the merits with respect to bills 2193 and 2194. Judge Stout's statements, supra, had the effect of rendering those two bills totally inoperative for any purpose. Further, the court's dismissal of those charges occured before the jury was impanelled, and therefore jeopardy could not have attached. See Eubanks v. Louisiana, 356 U.S. 584, 78 S. Ct. 970 (1965).

It would be rather far-fetched to conclude, upon examination of the instant record, that the prosecution had failed to prove guilt in connection with the aggravated assault charge, when that charge was removed from the case before the jury was selected.

For these reasons, there was no basis for the double jeopardy claim, and defendant's petition was therefore denied.*

---

*"A man is not in peril from the verdict of a jury till the full number are qualified to hearken unto the evidence and make deliverance." Com. v. Alexander, 105 Pa. 1, 9 (1884).